UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES WEINSCHENK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01468-JPH-MJD |
| | ) |
| STATE OF INDIANA, | ) |
| VALORIE HAHN Hamilton County | ) |
| Prosecutor's Office, | ) |
| ROBERT BECKER, | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Charles Weinschenk has filed this 42 U.S.C. § 1983 action against the State of Indiana, Valerie Hahn, Robert Becker, and "John Doe, et al." Dkt. 1. After screening, the Court finds that Mr. Weinschenk's complaint fails to state a claim. Mr. Weinschenk shall have **through July 23, 2021**, to either file an amended complaint or show cause why his claims should not be dismissed.

**I.
Screening Standard**

The Court has the inherent authority to screen Mr. Weinschenk's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule

1

of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### A. The complaint

Mr. Weinschenk alleges that the Defendants "affected a genocide by conspiring against plaintiff's rights to affect economic and noneconomic damages while engaged in treason against the United States." Dkt. 1 at 3.  He alleges that Defendants' actions are "part of a *Continuing Violation* to affect a statutory genocide against the plaintiff; including loss of life by a member of plaintiff's family per statute." *Id.* at 3 (emphasis in original).  Mr. Weinschenk further alleges that this conspiracy is "directly responsible for the events of September 11, COVID-19, and other major life events." *Id.*  Mr. Weinschenk seeks $116 million in compensatory and punitive damages, $4 million in punitive damages from "any non-official parties," and an order compelling the State of Indiana to seal or expunge various records. *Id.* at 11.

B. **Discussion**

The Court does not have subject matter jurisdiction over a complaint that is wholly insubstantial. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). And "[a] frivolous federal law claim cannot successfully invoke federal jurisdiction." *In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006).

While Mr. Weinschenk does mention several federal statutes, the complaint does not identify a federal cause of action. Even liberally construing the complaint, this Court cannot discern within it any plausible federal claim against any defendant. *See Sanders-Bey v. United States*, Nos. 07-2204, 07-3891, 267 Fed. Appx. 464, 465 (7th Cir. Feb. 25, 2008) (dismissing for lack of jurisdiction a complaint that "appear[ed] to simply reference a panoply of random federal laws"); *cf. United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Mr. Weinschenk's complaint must therefore be **dismissed** for failure to state a claim.

## II.
## Conclusion

For the reasons stated above, Mr. Weinschenk's complaint is **dismissed** for failure to state a claim upon which relief can be granted. The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through July 29, 2021**, to either file

an amended complaint or show cause why his claims should not be dismissed. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015).

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, 1:21-cv-01468-JPH-MJD and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

**SO ORDERED.**

Date: 6/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

CHARLES WEINSCHENK
20040 Wagon Trail Drive
Noblesville, IN 46060

Robert Christopher Becker
RICHARDS BOJE & PICKERING
rbecker@rbpbblaw.com

Eliot Blackburn
INDIANA ATTORNEY GENERAL
eliot.blackburn@atg.in.gov

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov