UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES WEINSCHENK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01468-JPH-MJD |
| ) | |
| STATE OF INDIANA, ) | |
| VALORIE HAHN Hamilton County ) | |
| Prosecutor's Office, ) | |
| ROBERT BECKER, ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Charles Weinschenk filed motions for preliminary injunction and reconsideration after the Court dismissed this case and entered final judgment on August 27, 2021. Dkt. 18; dkt. 19.[1] For the reasons that follow, Mr. Weinschenk's motion for preliminary injunction is **DENIED**, dkt. [20], and his motion for reconsideration is **DENIED**, Dkt. [22].

## I. Preliminary Injunction

Mr. Weinschenk filed a motion for preliminary injunction on August 29, 2021, requesting that this Court stay State court proceedings in a matter pending against him. Dkt. 20. Mr. Weinschenk asserts that the grant of a

---

[1] Mr. Weinschenk has also recently made numerous filings in *Weinschenk v. Dixon, et al.*, No. 1:20-cv-02133-JPH-MJD, including a motion to reconsider and "supplemental complaints". Those filings are the subject of an order entered today in that case.

1

preliminary injunction would "avoid *res judicata* as claims made within this matter are a super set of the state court matter . . ." *Id.* at 1.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Moreover, the Court has dismissed Mr. Weinschenk's complaint, dkt. 18, and issued final judgment against him in this matter, dkt. 19. The motion for a preliminary injunction is **DENIED**, dkt. [20].

## II.     Motion for Reconsideration

Mr. Weinschenk asserts that he seeks relief under Fed. R. Civ. P. 60(B)(1). *Id.* at 1. However, "a motion to alter or amend a judgment is deemed filed under Rule 59(e) . . . if the motion is filed within" 28 days after entry of the judgment. *Borrero v. City of Chicago*, 456 F.3d 698, 699 (7th Cir. 2006); Fed. R. Civ. P. 59(e). As he filed the motion 4 days after the entry of final judgment, dkt. 19, and asserts that "the Court erred as a matter of fact and law," the Court reviews his request under Fed. R. Civ. P. 59(e).

"To prevail on a Rule 59(e) motion to amend judgment, a party must 'clearly establish' (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)). Granting reconsideration is not appropriate when a claimant "merely restates the arguments made" in previous

2

motions. *Anderson v. Catholic Bishop of Chicago,* 759 F.3d 645, 653 (7th Cir. 2014).

Mr. Weinschenk realleges in his motion for reconsideration that he suffered damages from acts of international terrorism related to the September 11, 2001, attacks as well as the COVID-19 pandemic. Dkt. 22 at 2 ¶ 11,16. He further states that the Defendants conspired with the United States to discriminate against him. *Id.* at 4 ¶ 17. The Court dismissed Mr. Weinschenk's complaint on the basis that its assertions were frivolous and insubstantial. In his consolidated motion for reconsideration, Mr. Weinschenk alleged no new facts nor cited any additional law that clearly establish a "manifest error of fact or law." *Blue,* 698 F.3d at 598.

### III.  Notices of Supplemental Complaint

Apparently in an attempt to cure the defects in his original complaint, Mr. Weinschenk has filed five additional notices of supplemental complaint. dkts. 23; 24; 26; 27; 28. These supplemental complaints again fail to outline a coherent, nonfrivolous cause of action against any identifiable person. As such, the Court declines to consider them.

### IV.  Future filings

The complaint was dismissed and final judgment entered. Having considered the motion for reconsideration, the Court finds no basis to grant relief. Considering this, and the frivolous nature of recent filings, any future frivolous filings will be summarily denied. *Fuery v. Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (affirming the district court's exercise of its "'inherent powers . . .

to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quoting *Goodyear Tire & Rubber Co. v. Haegar*, 137 S.Ct. 1178, 1186 (2017)).

### V. Conclusion

Mr. Weinschenk's motion for preliminary injunction is **DENIED**, dkt. [20], and the consolidated motion for reconsideration is **DENIED**, dkt. [22]. Mr. Weinschenk's motion to receive service via email is **DENIED**, dkt. [25], because pro se litigants are generally not permitted to receive service by email. S.D. Ind. L.R. 5-2(b)(1).

**SO ORDERED.**

Date: 10/4/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES WEINSCHENK
20040 Wagon Trail Drive
Noblesville, IN 46060

Robert Christopher Becker
RICHARDS BOJE & PICKERING
rbecker@rbpbblaw.com

Eliot Blackburn
INDIANA ATTORNEY GENERAL
eliot.blackburn@atg.in.gov

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov